■ JAMES E. BRADLEY, Appellant, v. JOHN W. DONOVAN CONSTRUCTION CORP., Respondent.— HERLIHY, J. Appeal by the plaintiff from a judgment entered upon a jury verdict of no cause of action. The plaintiff was an employee of J. C. Bradley & Son and was injured while performing work for his employer pursuant to a subcontract with the defendant. The plaintiff first argues that the following statement made by counsel for the defendant in the course of selecting a jury was so prejudicial as to require reversal of the judgment: "We all know that an employee injured in the course of his employment is entitled to Workmen's compensation as a matter of right." It appears that prior to the statement set forth above, a juror or jurors ''said something to the effect that he couldn't understand why this wasn't a workmen's compensation case.'' The plaintiff's counsel replied "that the court would explain what this action was all about". The defense counsel alleges that at the time plaintiff objected to his statement set forth above, he had intended to go further in his questions to determine if the individual jurors believed that in this case the plaintiff would be entitled to recover without proof of negligence. The plaintiff promptly moved for a mistrial, in chambers before the Justice then presiding, which was denied and the jury panel was instructed "that there is no issue involving Workmen's Compensation or the plaintiff's rights to Workmen's Compensation involved in this lawsuit." He went on to instruct the jury that the sole issue was negligence. There was no prejudice to the plaintiff. Reference to Workmen's Compensation was raised on the voir dire and initiated by a juror's question. The jury panel was promptly and clearly instructed that the case did not involve Workmen's Compensation. The cases cited by plaintiff are all distinguishable from the present case. The plaintiff further contends that in summation the defense counsel stated "The plaintiff's remedy does not lie here" and "That his recovery is not in this forum." and that these statements, coupled with the prior reference on the voir dire to Workmen's Compensation, mandates a finding of prejudice and a reversal of the judgment. The defense counsel does not concede that these statements were made and there is no record of the summation. The plaintiff did not make any objection at the time such statements were allegedly made. This matter was first brought to the attention of the court on the argument of the motion to set aside the verdict. Assuming that these statements were made by the defense counsel, we still find no such prejudice as would require a reversal in the interests of justice, although we note that such statements, under other circumstances, might be found prejudicial. The instructions of the court to the jury panel referred to above were clear as to the issues of this case and the charge of the Trial Justice was clear in such regard. Further, there was no mention of workmen's compensation during the trial and the alleged statements do not directly refer to workmen's compensation. The plaintiff next contends that a question by an employee and vice-president of the defendant allegedly asked of a fellow employee of defendant immediately after the accident was erroneously excluded from evidence. In excluding testimony as to a supposed but somewhat equivocal admission there was no error so substantial as to warrant reversal, particularly so in the light of the record as a whole. Lastly, the plaintiff contends that the verdict is contrary to the weight of the evidence. The entire case is basically one of the credibility of the plaintiff and the credibility of the defendant's witness. We consider this contention without merit. Judgment affirmed, without costs. Gibson, P. J., Taylor and Aulisi, JJ., concur.